UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY SPITZER,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL[1],<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:17-cv-01736 DAD JLT<br><br>FINDINGS AND RECOMMENDATIONS GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)<br><br>(Doc. 29) |

Henry Spitzer seeks an award for attorney's fees and expenses pursuant to the Equal Access for Justice Act under 28 U.S.C. § 2412(d). (Doc. 29) Andrew M. Saul, Commissioner of Social Security opposes the motion, asserting the fees requested are excessive. (Doc. 31) For the reasons set forth below, the Court recommends Plaintiff's motion for attorney fees under the EAJA be **GRANTED** in part, in the modified amount of $6,564.62.

I. **Background**

Plaintiff initiated the action before this Court on December 20, 2017, seeking judicial review of the decision denying his application for benefits under the Social Security Act. (Doc. 1) The Court found the ALJ erred in evaluating the medical evidence related to Plaintiff's ability to use his right

---

[1] This action was originally filed against Nancy A. Berryhill in her capacity as then-Acting Commissioner of Social Security. The Court has substituted Andrew M. Saul, who has since been appointed the Commissioner of Social Security, as the defendant. *See* Fed. R. Civ. P. 25(d).

1

hand, the evidence related to Plaintiff's mental abilities, and the credibility of Plaintiff's subjective complaints. (Doc. 26; Doc. 27) Therefore, the Court remanded the action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Following the entry of judgment, Plaintiff filed the application for fees under the Equal Access to Justice Act now pending before the Court. (Doc. 29) Defendant agrees Plaintiff is entitled to fees, but asserts the amount requested is excessive and unreasonable. (Doc. 31) Plaintiff filed a reply, asserting the fees requested should not be reduced. (Doc. 32) Including time spent on the reply, Plaintiff seeks a total award of $13,972.70. (*Id.* at 6)

## II.     Requests for EAJA Fees

The EAJA provides that a court shall award fees and costs incurred by a prevailing party "in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party eligible to receive an award of attorney fees under the EAJA must be the prevailing party who received a final judgment in the civil action. 28 U.S.C. § 2412(d)(2)(H).

The party seeking the award of EAJA fees has the burden of proof that fees requested are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983); *see also Atkins v. Apfel*, 154 F.3d 988 (9th Cir. 1998) (specifically applying these principles to fee requests under the EAJA). As a result, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation, and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992); *see also* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended"). The court has an independent duty to review the evidence to determine the reasonableness of the hours requested in each case. *Hensley*, 461 U.S. at 433, 436-47.

Where documentation of the expended time is inadequate, the court may reduce the requested award. *Hensley*, 461 U.S. at 433, 436-47. Further, "hours that were not 'reasonably expended'" should be excluded from an award, including "hours that are excessive, redundant, or otherwise unnecessary."

*Id.* at 434. A determination of the number of hours reasonably expended on an action is within the Court's discretion. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484-85 (9th Cir. 1988).

### III. Discussion and Analysis

A claimant who receives a sentence four remand in a Social Security case is a prevailing party for EAJA purposes. *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993); *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). Consequently, Plaintiff was the prevailing party because the Court ordered a remand of the matter for further proceedings pursuant 42 U.S.C. § 405(g). (Doc. 27) Defendant does not dispute that Plaintiff is a prevailing party for the purposes of an award of EAJA fees and does not argue the position of the Commissioner was substantially justified. (Doc. 31 at 2) Rather, Defendant asserts the fees requested are unreasonable because of duplicative work between the letter brief and opening brief. (*Id.* at 2-6)

#### A. Consideration of Plaintiff's Letter Brief

The Commissioner has submitted Plaintiff's letter brief support of the assertion that the hours sought by Plaintiff's counsel, Andrew Koenig, are unreasonable due because "Plaintiff's opening brief copied word for word from the settlement letter for nearly the entire argument." (Doc. 31 at 4) In doing so, the Commissioner asserts that while settlement discussions should generally confidential, "the Ninth Circuit has expressly authorized disclosure of settlement discussions in fee litigation to assist a district court in determining a reasonable fee." (*Id.* at 4, n. 2, citing, *e.g.*, *A.D. v. State of Cal. Highway Patrol*, 712 F.3d 446, 460-61 (9th Cir. 2013), following *Kekauoha-Alisa v. Ameriquest Mortg. Co.*, 674 F.3d 1083, 1093-94 (9th Cir. 2012); *Ingram v. Oroudjian*, 647 F.3d 925, 927 (9th Cir. 2011).

Plaintiff objects to the submission of the letter brief as evidence supporting the opposition. (Doc. 32 at 2-4) Mr. Koenig asserts it has always been his "understanding and practice that settlement correspondence was confidential and not to be shared with the court due to concerns about a 'chilling effect.'" (*Id.* at 3, n.1) Plaintiff observes that in the Court's scheduling order, the parties are informed that the letter briefs "shall NOT be filed with the court and … shall be marked 'confidential.'" (*Id.* at 3, quoting Doc. 8 at 2) Thus, Plaintiff argues his letter brief should not have been submitted by and should not be considered by the Court in evaluating his request for fees. (*Id.* at 2-3)

Notably, the letter briefs exchanged by the parties are not designated "settlement" documents in

1  the Scheduling Order.  The briefing procedure directed by the Court gives the Commissioner an
2  opportunity to determine whether the matter should be remanded for further administrative proceedings
3  without judicial review.  Nevertheless, this Court has treated the letter briefs exchanged between
4  claimants and the Commissioner as "settlement" documents.  *See, e.g., Belcher v. Astrue,* 2010 WL
5  5111435 at *1 (E.D. Cal. Dec. 8, 2010) (observing "[t]he Confidential Letter Brief is for settlement
6  purposes").  As such, this Court previously declined to compare the content of confidential letter briefs
7  submitted to the Commissioner with opening briefs filed with the Court.  *See id.,* 2010 WL 5111435 at
8  *1 (striking the letter brief submitted in opposition to a motion for fees and holding the brief would
9  "not be used as evidence against a party to these proceedings"); *see also Stairs v. Astrue*, 2011 WL
10 2946177 at *3 (E.D. Cal. July 21, 2011) (cautioning the Commissioner "against continuing to make
11 comparisons between the Confidential Letter Brief and the Opening Brief in an effort to undermine the
12 time spent on the Opening Brief" because the letter brief was "for settlement purposes only").

13 However, as the Commissioner observes, the Ninth Circuit has since determined a "district
14 court did not err by considering settlement negotiations for the purpose of deciding a reasonable
15 attorney fee award." *Ingram*, 674 F.3d at 928.  Following *Ingram*, the Court determined in *Kekauoha-*
16 *Alisa* that Rule 408 of the Federal Rules of Evidence does not preclude a court from considering a
17 settlement "for the purpose of calculation of attorneys' fees." *Kekauoha-Alisa*, 674 F.3d at 1094.
18 Consequently, the Ninth Circuit held courts "may consider evidence of a settlement offer to the degree
19 such evidence is relevant to the calculation of reasonable attorney's fees…" *Id.*  With this framework
20 in mind, it was not improper for the Commissioner to submit Plaintiff's letter brief to challenge the
21 reasonableness of the fees requested by Plaintiff.  *See Ingram*, 674 F.3d at 928; *Kekauoha-Alisa*, 674
22 F.3d at 1094.

23 **B.     Time Expended by Counsel**

24 Mr. Koenig reports that he spent 41.2 hours on the action through the filing of the motion for
25 attorney fees, with an additional 2.4 hours on the reply to Defendant's opposition.  (Doc. 29 at 8-10;
26 Doc. 32 at 6)  In support of this, Mr. Koenig submitted a declaration that included a time sheet
27 indicating the number of hours expended on tasks that included reviewing the administrative record,
28 court notices, and related documents; preparation of the briefs filed in this action; and time related to

4

the motion now pending before the Court.  (Doc. 29 at 8-10)

          1.       Clerical work

As an initial matter, the Court notes that several of the entries for Mr. Koenig include clerical tasks, such as filing and calendaring.  (*See* Doc. 29 at 8-10)  However, work that is "clerical in nature... should [be] consumed in firm overhead rather than billed." *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009); *see also Harris v. L & L Wings, Inc.*, 132 F.3d 978, 985 (4th Cir. 1997) (approving the court's elimination of hours spent on clerical tasks from the lodestar calculation); *Kirk v. Berryhill*, 2017 U.S. Dist. LEXIS 41832 at *12 (E.D. Cal. Mar. 22, 2017) ("clerical tasks are typically considered overhead expenses reflected in an attorney's hourly billing rate, and are not properly reimbursable").

Courts have determined tasks such as preparing service documents, filing documents, completion of the form related to magistrate judge jurisdiction, and reviewing document receipts from the Court are clerical in nature.  *See, e.g., Em v. Astrue*, 2012 WL 691669 at *4 (E.D. Cal. Mar. 2, 2012) ("clerical tasks, such as mailing and calendaring, are not typically compensable under the EAJA"); *Santiago v. CACH LLC*, 2013 WL 5945805 at *4, n.2 (N.D. Cal. Nov. 4, 2013) (declining to award time for preparation of service documents and reviewing documents for calendar deadlines); *Garcia v. Colvin*, 2013 WL 5347494 at *8 (E.D. Cal. July 5, 2016) (identifying e-filing and completion of the form regarding magistrate judge consent "is clerical… even to the extent the completion of that form has been delegated to a paralegal").  Thus, such tasks should be omitted from the fee award.

Mr. Koenig's records include entries for filing several documents including the complaint, civil cover sheet, amended request to proceed *in forma pauperis*, consent form, notice regarding service documents, the opening brief, the reply brief, and the EAJA motion.  (Doc. 29 at 9-10)  In billing for filing the amended IFP request, Mr. Koenig indicated the filing took 0.1 hour.  (*See id.*)  Thus, the Court recommends a deduction of 0.7 hour from the lodestar—which includes 0.1 hour in 2017, 0.5 hour in 2018 and 0.1 hour in 2019—is appropriate due to the clerical nature of filing of each of the documents identified.  *See Nadarajah*, 569 F.3d at 921; *Garcia*, 2013 WL 5347494 at *8.

Further, Mr. Koenig billed 0.5 hour for the review of several Court notices such as the "action required" notice from the Clerk, assignment to Judge Drozd, and notice of receipt of the administrative record.  (Doc. 29 at 9-10)  Because the review of such notices and receipts is clerical work, the Court

recommends the lodestar calculation be reduced by 0.5 hour, which includes 0.2 hour in 2017 and 0.3 hour in 2018.[2]  *See e.g.*, *Garcia*, 2013 WL 5347494 at *7 (declining to award fees under the EAJA for receipt and review of notices from the Court).

### 2. Duplicative work

As noted above, the Commissioner asserts the fee award should be reduced due to duplicative work between Plaintiff's confidential letter brief and the opening brief.  (Doc. 31 at 2, at 5-6)  The Commissioner observes the letter brief "was single-spaced and 16 pages," and asserts "Plaintiff's opening brief copied word for word from the settlement letter for nearly the entire argument."  (*Id.* at 3-4)  Further, the Commissioner observes that "the documents continue along nearly identical lines, often copied word-for-word, throughout the argument section." (*Id.* at 5)  The Commissioner asserts the claim that Plaintiff's counsel "more than 17 hours to write the 14-page statement of facts and this half-page discussion of obesity is unreasonable," particularly because "counsel wrote the letter brief in 9.9 hours."  (*Id.*)

Plaintiff does not dispute the assertion that significant portions of the letter brief were copied into the opening brief.  (Doc. 32 at 4)  Indeed, Plaintiff acknowledges this was done, observing "[t]he technology allowing attorneys to cut and paste legal arguments from one document to another has existed for many years," and this is "a good and common practice… in the name of efficiency and to minimize billed hours." (*Id.* at 5)  Further, Plaintiff asserts that after the Commissioner rejected a voluntary remand, "plaintiff's attorney was then tasked with reorienting his knowledge of the facts of the case over two months later in September of 2018, which required another review of the Certified Administrative Record ("CAR") and resulted in over 14 pages in the opening brief covering a detailed summary of hundreds of pages of medical, testimonial, and other evidence…" (*Id.*)

Significantly, in the billing records, Mr. Koenig included entries for drafting arguments— despite the acknowledgement that these were pulled from the opening brief.  For example, he indicated that on September 13, 2018, he reviewed the record, began drafting the brief, wrote the case summary,

---

[2] Moreover, counsel would not spend six minutes reviewing each notice, as the notices identified were each one sentence long, or shorter.  The Court has criticized the practice of billing for such tasks as overbilling because "[a]n experienced practitioner should not take six minutes to review a notice of lodging transcript, an acknowledgement of receipt of transcript, or certified mail receipts." *Cathey v. Comm'r of Soc. Sec.,* 2013 WL 1694950 at *8 (E.D. Cal. Apr. 18, 2013) (recommending the denial of fees for such tasks under the EAJA), *adopted by* 2013 WL 1904711 (May 6, 2013).

6

and "Argument A." (Doc. 39 at 10)  The following date, Mr. Koenig indicates that he continued to draft the brief, including Arguments A-C.  (*Id.*)  Because the arguments were copied from the letter brief—which Plaintiff does not dispute— it appears Mr. Koenig bills for duplicative work.  For this reason, the Court recommends a deduction of the time spent on the confidential letter brief from the total reported on the opening brief.  This results in a reduction of 9.9 hours of reported work from 2018.  The remaining 7.6 hours appear reasonable for new work completed on the opening brief, including the summary of the medical record, hearing testimony, and table of authorities.

### 3. Calculation of fees for compensable hours

With the deductions set forth above, the Court recommends fees be awarded for 32.5 hours of work on this action, which includes 1.4 hours in 2017, 25.8 hours in 2018, and 5.3 hours in 2019.  For this work, Mr. Koenig requests the statutory hourly rates with adjustments for costs of living identified by the Ninth Circuit, which established the following rates:  $196.79 in 2017, $201.60 in 2018, and $205.25 for the first half of 2019.  *See* "Statutory Maximum Rates Under the Equal Access to Justice Act," available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited April 23, 2020; *see also Thangaraja v. Gonzales, 428* F.3d 870, 876-77 (9th Cir. 2005) (approving of the prescribed EAJA rate, which includes increases tied to the consumer price index).  This results in a fee award of $6,564.62.

## IV.     Findings and Recommendations

As a prevailing party, Plaintiff is entitled to an award of attorney's fees under the EAJA because the ALJ's decision and the Commissioner's position in defending it to this Court were not substantially justified.  *See* 28 U.S.C. § 2412(d)(2)(H).  With the reductions recommended above, counsel is entitled to compensation for 32.5 hours of work. The Court finds these hours are reasonable in light of the tasks performed by counsel in this action, from the drafting of the complaint through the filing of the reply brief on the motion now pending. Accordingly, the Court **RECOMMENDS**:

1. Plaintiff's motion for attorney's fees be **GRANTED** in the modified amount of $**6,564.62**;
2. Defendant be directed to determine whether Plaintiff's EAJA attorney fees are subject to any offset and, if the fees are not subject to an offset, make the payment payable to

Plaintiff.  If the Government decides to accept an assignment of fees, payment be made payable to Counsel; and

3. Payment be mailed to Plaintiff's counsel of record, Andrew Koenig.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days after being served with these Findings and Recommendations, any party may file written objections.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be filed within seven days of the date of service of the objections.

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **April 23, 2020**                **/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE