UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY SPITZER,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:17-cv-01736-ADA-CBD<br><br>FINDINGS AND RECOMMENDATION THAT COUNSEL FOR PLAINTIFF'S MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 406(b) BE GRANTED<br><br>(ECF Nos. 35, 39)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS |

On July 12, 2022, counsel for Plaintiff Henry Spitzer ("Plaintiff) filed a Motion for Attorneys' Fees Pursuant to 42 U.S.C. § 406(b). (ECF No. 35). On July 13, 2022, Defendant Commissioner of Social Security ("Defendant") filed a Statement of Non-Opposition to Plaintiff's Motion. (ECF No. 37). Accordingly, and for the further reasons set forth below, undersigned recommends that Plaintiff's Motion for Attorneys' Fees be granted.

**Procedural and Factual Background**

On December 5, 2017, Plaintiff and counsel for Plaintiff, Andrew T. Koenig, entered into a contingency fee agreement. (ECF No. 35 at Attach. B). The parties agreed to a 25% attorney's fee pursuant to 42 U.S.C. § 406(b), less any fees received under the Equal Access to Justice Act ("EAJA") and less any fees paid under 42 U.S.C. § 406(a). *Id.* On December 20, 2017, Plaintiff

1

filed a Social Security Complaint against Defendant.  (ECF No. 1).  On August 16, 2019, the Court issued an Order Adopting Findings and Recommendations remanding the action pursuant to Sentence Four of 42 U.S.C. § 405(g) and directing entry of judgment in favor of Plaintiff and against Defendant.  (ECF No. 27).  That same day, the Court issued a Judgment in favor of Plaintiff against Defendant.  (ECF No. 28).

On October 22, 2019, counsel for Plaintiff filed a Motion for Attorneys' Fees pursuant to EAJA, seeking a total award of $13,972.70.  (ECF No. 29).  On November 15, 2019, Defendant filed an Opposition to the Motion for Attorneys' Fees asserting the amount requested was excessive and unreasonable.  (ECF No. 31).  On November 22, 2019, counsel for Plaintiff filed a Reply to Defendant's Opposition arguing the fees requested should not be reduced.  (ECF No. 32).

On April 24, 2020, U.S. Magistrate Judge Jennifer L. Thurston issued Findings and Recommendations Granting in Part Plaintiff's Motion for Attorneys' Fees.  (ECF No. 33).  Judge Thurston held that Plaintiff was a prevailing party under the EAJA and entitled to an award of fees. *Id*. at 3.  However, Judge Thurston determined that the billing records submitted by Plaintiff's counsel included clerical tasks and duplicative work that was not compensable and recommend that the motion for attorneys' fees be granted in the modified amount of $6,564.62. *Id*. at 7.  On May 21, 2020, the Court issued an Order Adopting Findings and Recommendations and Granting in Part Plaintiff's Motion for Attorneys' Fees.  (ECF No. 34).

At some point after, Plaintiff received a fully favorable decision on his Title II claim, finding him disabled and eligible for benefits as of August 2014.  (ECF No. 35 at 2).  Plaintiff was also represented by counsel Andrew T. Koenig in the post-remand administrative proceedings. *Id*.  On June 27, 2022, the Social Security Administration issued a notice indicating that Plaintiff's back-due benefits were being processed from August 2014 through March 2022 and that $25,944.53, representing 25% of his back-due benefits, were being withheld pending approval of an attorney's fee award.  (ECF No. 35 at Attach. A).

On July 12, 2022, counsel for Plaintiff filed a Motion for Attorneys' Fees Pursuant to 42 U.S.C.§ 406(b) seeking $25,944.53 in attorneys' fees.  (ECF No. 35).  On July 13, 2022,

2

Defendant filed a Statement of Non-Opposition stating it "has no objection to the fee request." (ECF No. 37 at 2). Accordingly, the motion is ripe for review.

**Counsel for Plaintiff's Claims**

Counsel for Plaintiff asserts the Court is authorized to award reasonable attorneys' fees, not in excess of 25% of Plaintiff's past-due Title II benefits. Counsel for Plaintiff notes 25% was the amount agreed upon in the attorney-client contingency fee agreement. Counsel for Plaintiff argues the fee requested, $25,944.53, is reasonable based on the favorable result for Plaintiff and the amount of time spent litigating the case. Specifically, Counsel for Plaintiff contends he spent a total of 42.9 hours on this case and that an hourly rate of $604.77 is suitable under a contingency fee agreement. (ECF No. 35 at 4-5) (citing *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009) (en banc)).

**Standard of Review**

42 U.S.C.§ 406(b) provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may…certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C.§ 406(b)(1)(A). The Commissioner typically does not act as an adversary, but "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002). Thus, "[b]ecause the [Commissioner] has no direct interest in how much of the award goes to a counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." *Crawford*, 586 F.3d at 1149; *see Gisbrecht*, 535 U.S. at 808-08 (the 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee requested is reasonable.")

In determining whether the requested fee is reasonable, the court considers (1) the character of the representation and the results achieved by the representative, (2) whether the attorney is responsible for delay in effectuating benefits, and (3) whether the requested fee is

reasonable in light of the amount of time the attorney spent in litigating the case. *Crawford*, 586 F.3d at 1151 (quoting *Gisbrecht*, 535 U.S. at 808)).

**Discussion**

Counsel for Plaintiff's Motion for Attorneys' Fees is reasonable and should be granted. Plaintiff's counsel is an experienced attorney who secured a successful result for Plaintiff in this action. There is no indication that a reduction of fees is warranted due to any substandard performance by counsel. There is also no evidence that Plaintiff's counsel engaged in any dilatory conduct resulting in excessive delay.

Furthermore, the total amount sought does not appear to be disproportionate to the amount of time Plaintiff's counsel spent on the case. Plaintiff's counsel billing statement indicates approximately 42.9 hours of appropriate legal work was dedicated to Plaintiff's case. *See* (ECF No. 35 at 7-9). Counsel for Plaintiff requests an hourly fee of $604.77. *Id*. at 4. Even at this high rate, the amount requested cannot be said to amount to a windfall to Plaintiff's counsel. *See Crawford*, 586 F.3d at 1153 (J. Clifton, concurring in part and dissenting in part) (noting that the majority opinion found reasonable effective hourly rates equaling $519, $875, $902); *see also Smith v. Kijakazi*, No. 1:13-cv-01717-BAK (SKO), 2022 WL 1471035, at *2 (E.D. Cal. May 10, 2022) (collecting cases finding that similar amounts in attorneys' fees requested were appropriate); *contra Soriano v. Saul*, 831 Fed. Appx. 844, 844-45 (9th Cir. 2020) (holding the district court had discretion to determine that a fee award of $20,000 for 17.7 hours of work, an hourly rate of $1,129.94, did amount to a windfall) (unpublished).

Moreover, Plaintiff's counsel assumed the risk of receiving no compensation. In the Ninth Circuit, it is common that a contingency fee may far exceed the market value of the services rendered. *In re: Washington Public Power Supply Sys. Lit.*, 19 F.3d 1291, 1299-1301 (9th Cir. 1994). Thus, undersigned finds the fee amount requested is reasonable in light of the several years of litigation, the time spent, the risk incurred, and the result achieved, as well as the lack of any evidence suggesting either dilatory conduct or a windfall to counsel.

For the foregoing reasons, undersigned recommends the Court award counsel for Plaintiff's requested amount of $25,944.53 in attorneys' fees under 42 U.S.C. § 406(b). The

Court should direct that the full amount be paid to Plaintiff's counsel, who shall then be responsible for reimbursing Plaintiff the previously awarded EAJA fees. *See Gisbrecht*, 535 U.S. at 796 (fee awards may be made under both the EAJA and 42 U.S.C. § 406(b), however, the claimant's attorney must refund to the claimant the amount of the smaller fee).

**Conclusion and Recommendation**

Based on the foregoing, undersigned HEREBY RECOMMENDS that:

1. Counsel for Plaintiff's Motion for Attorneys' Fees Pursuant to 42 U.S.C. § 406(b) be GRANTED; and
2. Plaintiff's counsel be awarded attorneys' fees in the amount of Twenty-Five Thousand Nine-Hundred Forty-Four Dollars and Fifty-Three Cents ($25,944.53); and
3. Upon the receipt of the full attorney's fees, pursuant to 42 U.S.C. § 406(b), Plaintiff's counsel shall reimburse Plaintiff the full amount of the EAJA fee, Six-Thousand Five-Hundred Sixty-Four Dollars and Sixty-Two Cents ($6,564.62) previously awarded.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 9, 2022**

UNITED STATES MAGISTRATE JUDGE